UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SCF ARIZONA, | : |
| Plaintiff, | :  09 Civ. 9513 (WHP) |
| vs. | : |
| WELLS FARGO BANK, N.A., | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE OTHER
CLIENT CONTRACTS AND COMMUNICATIONS**

BUTZEL LONG, a professional corporation
380 Madison Avenue
New York, New York 10017
(212) 818-1110

*Attorneys for Plaintiff SCF Arizona*

TABLE OF CONTENTS

Table of Authorities ...................................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................3

    A.   Evidence of Contracts and Communications with Other
         Wachovia Securities Lending Clients Is Relevant For the
         Anticipated Limited Purposes. .................................................................................4

        1.  Wachovia's Contracts with Other Clients Are Relevant ......................................4

        2.  Wachovia's Communications with Other Clients Are Relevant. .........................7

        3.  Wachovia's Communications With Its Other Clients Are
            Admissible Under Fed. R. Evid. 404(b). ..............................................................8

    B.   Reference to Other Contracts Will Not Result in Unfair Prejudice,
         Confuse or Mislead the Court, or Cause Undue Delay............................................9

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Allen v. City of N.Y.*, 466 F.Supp. 2d 545 (S.D.N.Y. 2006) ................................................................ 3

*Am. Tel. & Tel. Co. v. New York City Human Res. Admin.*,
  89 CIV. 4569 (PKL), 1991 WL 79461 (S.D.N.Y. May 6, 1991) ................................................. 7

*Baxter Diagnostics, Inc. v. Novatek Med.*,
  No. 94 Civ. 5220 (AJP),1998 WL 665138 (S.D.N.Y. Sept. 25, 1998) ........................................ 3

*Epstein v. Kalvin-Miller Intern., Inc.*,
  121 F.Supp. 2d 742 (S.D.N.Y. 2000) ........................................................................................... 8

*Ferrante v. Metro-North Commuter R.R.*,
  No. 06 Civ. 4447 (PKL), 2007 WL 1793447 (S.D.N.Y. June 18, 2007) ..................................... 3

*Horowitch v. Diamond Aircraft Indus., Inc.*,
  No. 6:06-CV-1703-Orl-19JGG, 2007 U.S. Dist.
  LEXIS 29626 (M.D. Fla. Apr. 23, 2007) .................................................................................... 7

*IDX Systems Corp. v. St. John Health System*,
  No. 00-CV-71631, 2003 WL 25676069 (E.D. Mich. March 28, 2003) ...................................... 7

*Muhammad v. Stewart*,
  No. 05-CV-3121, 2006 WL 2457512 (C.D. Ill. Aug. 23, 2006) ................................................. 7

*S.E.C. v. DiBella*, 587 F.3d 553 (2d Cir. 2009) ................................................................................ 8

*U.S. v. Pepin*, 514 F.3d 193 (2d Cir. 2008) ...................................................................................... 3

*United States v. Pitre*, 960 F.2d 1112 (2d Cir. 1992) ....................................................................... 8

*Wall Data Inc. v. Los Angeles County Sheriff's Dept*,
  447 F.3d 769 (9th Cir. 2006) ....................................................................................................... 7

**Statutes**

28 U.S.C. § 1927 ................................................................................................................................ 6

**Rules**

*Fed. R. Evid. 404(b)* ..................................................................................................................... 8, 9

*Fed. R. Evid 401-404* .................................................................................................................... 1, 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SCF ARIZONA, | : |
|                 Plaintiff, | :   09 Civ. 9513 (WHP) |
|                 vs. | : |
| WELLS FARGO BANK, N.A., | : |
|                 Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE OTHER
CLIENT CONTRACTS AND COMMUNICATIONS**

Plaintiff SCF Arizona ("SCF") submits this memorandum of law in opposition to the motion *in limine* of defendant Wells Fargo Bank, N.A., successor in interest to Wachovia Bank, N.A. ("Wachovia"), apparently pursuant to FRE 401-404, to exclude evidence at the trial of this action, scheduled to commence May 7, 2012, of securities lending client contracts and client communications other than those between SCF and Wachovia.

### INTRODUCTION

Wachovia contends essentially that such evidence is irrelevant to the issues in this action, and, to the extent it is relevant, would unfairly prejudice Wachovia, confuse and mislead the Court, multiply the proceedings, and compel Wachovia to move to seal the courtroom to protect allegedly confidential client information. (S*ee* MOL at 1-6).[1] To the contrary, evidence consisting of written agreements with other Wachovia clients in the Wachovia securities lending

---

[1] Citations to Defendant Wells Fargo Bank, N.A.'s Memorandum of Law in Support of Its Motion *in Limine* to Exclude Reference to Other Client Contracts And Communications are given as ("MOL at ___.").

program may prove relevant to show at the least (1) written acknowledgement by Wachovia of its fiduciary status extending to all its clients in the Wachovia securities lending program, (2) acknowledgement by Wachovia of the purposes of the Wachovia securities lending program in general, (3) the disparity between the contractual terms, and obligations that Wachovia undertook, as embodied in SCF's written agreement in contrast to terms and obligations set forth in other clients' contracts, and (4) Wachovia's failure to suggest that SCF update and amend SCF's July 10, 1991 contract and 1998 Schedule D "investment guidelines."  Likewise, evidence of its communications with clients other than SCF may prove relevant to show at the least (a) Wachovia's knowledge of risks associated with an investment in Lehman Brothers securities, in general, and the Lehman note at issue in this action, in particular, and (b) the disparity between the information Wachovia provided to SCF in contrast to its other, larger clients.

     Moreover, Wachovia's complaints of confusion or misleading the trier, and likewise of unfair prejudice and undue delay are misplaced.  First, the introduction of contracts and communications for the limited purposes identified above could hardly confuse or mislead the Court (even assuming that the Court is susceptible to being misled or confused, which we would dispute).  Second, contrary to Wachovia's assertion, the Court is fully capable of distinguishing between an improper use of such evidence (for example, to prove that Wachovia had a propensity to breach contracts or fiduciary duties) and a proper, probative use.  Third, the introduction of such evidence would not lead to a series of "mini-trials," as the evidence would be introduced by knowledgeable individuals (already designated as witnesses in the action) and since the evidence is not sought to be introduced for an improper use, no substantive rebuttal as to other client relationships or histories would be relevant, much less necessary.  Finally, Wachovia's confidentiality concerns are misplaced because evidence relating to other clients was

either redacted by Wachovia in its document productions or was produced without confidentiality stipulation or order by Wachovia clients in response to non-party subpoenas *duces tecum* or obtained by public records requests.

For these reasons, SCF respectfully requests either that the Court (a) deny the motion, or (2) defer any ruling thereon until trial, when the relevance of the evidence offered may be fully considered in context.

## ARGUMENT

The applicable law is well settled. "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Allen v. City of N.Y.*, 466 F. Supp. 2d 545, 547 (S.D.N.Y. 2006). Courts considering a motion *in limine* may reserve decision until trial, so that the evidence subject to the motion is offered in an appropriate factual context. *See Baxter Diagnostics, Inc. v. Novatek Med.*, No. 94 Civ. 5220 (AJP), 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998) (the Court "will reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context"). "Because Rule 403 permits the exclusion of probative evidence, it is an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 30 (2d Cir. 1990) ("Any prejudice to Celotex was derived from the Hemeon Report's probative force and thus it did not *unfairly* prejudice Celotex."); *see Ferrante v. Metro-North Commuter R.R.*, No. 06 Civ. 4447 (PKL), 2007 WL 1793447, *2 (S.D.N.Y. June 18, 2007). "The district court can exclude … evidence only if the danger of unfair prejudice '*substantially* outweighs' its probative value under Rule 403, not if the one merely "outweighs" the other." *U.S. v. Pepin*, 514 F.3d 193, 206 (2d Cir. 2008). Of course, that the relevance analysis under FRE 401-404 is fact-driven and case-specific is too well settled to require citation.

3

A.   **Evidence of Contracts and Communications with Other Wachovia Securities Lending Clients Is Relevant For the Anticipated Limited Purposes.**

Wachovia contends that contracts and communications with other clients are irrelevant because "each of these other clients have contracts that are unique and different than SCF's contract at issue here and, as a result, these other clients' communications and relationships are unique to that client's relationship with WGSL [Wachovia Global Securities Lending]." (MOL at 4.) That is simply not the case.

   1.   **Wachovia's Contracts with Other Clients Are Relevant**

Wachovia's contracts with other of its securities lending clients are relevant for several reasons. *First*, although the contracts may contain different terms and obligations than that between SCF and Wachovia, in some of the contracts Wachovia acknowledges its fiduciary obligations concerning the securities lending program in general. For example, in its contract with the California State Teachers' Retirement System ("CalSTRS"), Wachovia (i) "warrants that it will not delegate its fiduciary responsibilities in providing services under the contract" (*see* Addendum to Standard Agreement between Teachers' Retirement System and Metropolitan West Securities Inc., annexed hereto as Ex. 1, at SCF-CALST 000007), and (ii) "acknowledges that it is a fiduciary" (*id*. at SCF-CALST 000008).

The Court will recall that at the outset of this case Wachovia represented to this Court that it was *not* a fiduciary and had *not* assumed fiduciary obligations to securities lending clients; its Rule 12(b)(6) motion to dismiss on this ground was denied. (*See* Memorandum and Order dated December 14, 2010, Docket No. 35.) Thereafter, in discovery, Wachovia maintained this position, with its various witnesses feigning ignorance of the definition of a "fiduciary," and taking various inconsistent positions on the issue, but continuing in essence to maintain their denial. (SCF will present proof of this ploy at trial.) Too, Wachovia's answer flatly denies the

existence of a fiduciary obligation.  (*See* Answer of Defendant Wachovia Bank, N.A., filed December 28, 2010, Docket No. 39 ¶¶ 25-28.)  Yet, the CalSTRS contract (termed a "Standard Agreement") and its addendum plainly contradict these positions.  Their terms are general terms that apply not only to that particular contract, but more generally to the securities lending program.  As a result, the relevance of the contract (and similarly others) is beyond dispute here.

*Second*, in some of the contracts in question Wachovia also acknowledges and admits the objectives of the securities lending program in general.  For example, in Wachovia's contract with the Texas County and District Retirement System ("Texas County"), Wachovia admits that the objective of the securities lending program is to provide "incremental income with minimal risk."  (Texas County District Retirement System Collateral Investment Guidelines (SCF-TEX00183-186), annexed hereto as Ex. 2, at SCF-TEX00183).  Similarly, in Wachovia's contract with the State of New Jersey Common Pension Fund A ("New Jersey Fund"), Wachovia admits that:

> The primary objective [of the securities lending program] is to provide safety of principal while earning a positive spread on the rebate rate on securities lent.  The second objective [of the securities lending program] is to provide adequate daily liquidity for the collateral portfolio, and the third objective is to obtain the highest yield possible within the parameters of the guidelines.

(*See* Securities Lending Addendum to the Custody Agreement Dated August 30, 1955, annexed hereto as Ex. 3, at Section I, Attachment B (SCF-NJ00016.)  Moreover, as part of the New Jersey Fund contract, Wachovia admits that:

> Accounts of . . . securities lending clients are regularly monitored for compliance with the client's investment objectives and guidelines.  Significant changes in market conditions or changes in particular securities will prompt immediate reviews.  These reviews are headed by Daniel Murphy, Chief Risk Officer.  Also, Registrant's staff, led by Mr. Murphy, monitors on a daily basis the market value of loaned securities and the value of the collateral.

(*Id.* at Uniform Application for Investment Adviser Registration, at SCF-NJ0061-78, at SCF-NJ00065 (Ex. 4, hereto.))[2]  These admissions are not restricted to the Texas County or New Jersey Fund contracts, but are applicable to Wachovia's securities lending program as a whole. Accordingly, they are directly relevant to central issues in this action – whether Wachovia assumed fiduciary duties to its clients, including SCF, and whether it appropriately "monitored" collateral investments for its clients, including SCF.

*Third*, the contracts are also relevant to Wachovia's motive in failing to honor its obligations to SCF to "monitor," "protect," and "maintain" SCF's collateral investments, as they demonstrate that Wachovia undertook slightly different obligations to clients other than SCF, each of which was much, much larger and more important a client than SCF, and as a fiduciary never advised SCF that SCF's own economic interests should have prompted it to review its (virtually) ancient contract in order to ascertain whether it continues to offer adequate protection of SCF's assets.[3]

Accordingly, evidence of contracts between Wachovia and other of its securities lending clients is relevant for the anticipated limited purposes.

---

[2] While Wachovia's Investment Adviser Registration, standing alone, puts the lie to Wachovia's position on its status as a fiduciary, that has not stopped Wachovia from insisting throughout this case that it is not one.  That would suggest at the very least the intent, if not the actual attempt, to violate 28 U.S.C. § 1927 (unreasonably and vexatiously multiplying proceedings).  SCF reserves all of its rights in this regard.

[3]  In particular, the contracts are relevant to SCF's claim that Wachovia failed to update and amend the March 3, 1998 Schedule D to SCF's written agreement with Wachovia, which sets forth investment guidelines for the collateral investment pool.  Indeed, SCF's expert, Wharton Business School Professor Christopher Geczy has concluded and will testify that "Wachovia neglected its responsibilities to review the [investment guidelines] periodically and propose changes to keep it current and relevant."  (Ex. 5 hereto, Expert Report of Professor Christopher Geczy, dated January 21, 2011 (the "Geczy Report") at 21.)

**2. Wachovia's Communications with Other Clients Are Relevant.**

Wachovia's communications with other clients are equally relevant. *First*, communications between Wachovia and its other clients about Lehman are generally relevant to show Wachovia's awareness of the increasing level of risk associated with investments in Lehman.[4] More specifically, Wachovia's awareness of the level of risk is relevant to show that Wachovia failed to provide SCF with material information about the Lehman note at issue. *See Am. Tel. & Tel. Co. v. New York City Human Res. Admin.*, 89 CIV. 4569 (PKL), 1991 WL 79461 (S.D.N.Y. May 6, 1991) (information about AT&T's communications with other customers and disparities in treatment between customers is relevant to the question of whether AT&T knew of risks to city, whether AT&T could have notified city, and whether AT&T treated other customers disparately to plaintiff). *See also Horowitch v. Diamond Aircraft Indus., Inc.,* No. 6:06-CV-1703-Orl-19JGG, 2007 U.S. Dist. LEXIS 29626, at *9-10 (M.D. Fla. Apr. 23, 2007) ("information about defendant's communications with other clients who, like plaintiff, were later informed" of a price increase, was relevant).[5]

---

[4] Wachovia contends that some of the contracts and communications are irrelevant because those particular clients were not invested in the Lehman note at issue in this case. (*See* MOL at 2, 4). While we disagree that the contracts and communications with these clients are not relevant for the purposes discussed herein, we would agree to exclude evidence of contracts and communications from clients that did not have a Lehman investment in the collateral investment pools managed by Wachovia.

[5] The cases relied upon by Wachovia are both factually distinguishable and inapposite here. *Wall Data Inc. v. Los Angeles County Sheriff's Dept*, 447 F.3d 769, 783 (9th Cir. 2006), involved a jury trial in which the court excluded evidence of communications with other customers because the communications related to a different product than the one at issue. Here the communications relate to the very same investment in Lehman, in the same securities lending program administered by Wachovia. *Muhammad v. Stewart*, No. 05-CV-3121, 2006 WL 2457512 (C.D. Ill. Aug. 23, 2006), a prisoner rights case challenging the misconduct of individual defendants, was decided on motion for summary judgment. It has no factual relation to the issues before this Court. Lastly, *IDX Systems Corp. v. St. John Health System*, No. 00-CV-71631, 2003 WL 25676069 (E.D. Mich. March 28, 2003), is factually inapposite to the case at bar as the court there evaluated the relevance of the communications on grounds that are not applicable to the

7

*Second*, evidence of the nature and frequency of Wachovia's communications with other, larger clients is relevant to show Wachovia's motive in not communicating with SCF, a relatively small client, as frequently as it did with other, larger clients. Indeed, SCF's expert concluded, based on his review of the evidence in this case that Wachovia's larger clients had close relationships with individuals at Wachovia who clearly provided them with more information than was provided to SCF (Geczy Report, annexed hereto as Ex. 5, at 14-15.)

### 3. Wachovia's Communications With Its Other Clients Are Admissible Under Fed. R. Evid. 404(b).

Finally, evidence of Wachovia's communications with other clients is firmly admissible under Fed. R. Evid. 404(b) as evidence of Wachovia's knowledge, and of its opportunity to communicate that knowledge to SCF. Evidence of other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *Epstein v. Kalvin-Miller Intern., Inc.,* 121 F.Supp. 2d 742, 748 (S.D.N.Y. 2000) ("the Second Circuit 'follows the inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's . . . propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test'").[6] In this case, communications between Wachovia and other of its clients demonstrate that Wachovia had knowledge of the risk that the Lehman investment posed, was fully capable of communicating this knowledge to SCF, as it did with other clients, but

---

present matter. Indeed, in *IDX*, the court acknowledged that, in circumstances where communications were offered to show a party's knowledge related to an issue in the case, "the comments of other customers may be relevant to the parties' claims in [the] matter." *Id*. at *5-6.

[6] *See also United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) ("Specifically, where a defendant's intent or knowledge is clearly at issue, evidence of prior acts may be admissible to prove intent or knowledge"); *S.E.C. v. DiBella*, 587 F.3d 553, 570-71 (2d Cir. 2009)(upholding admission of evidence under Fed. R. Evid. 404(b) when evidence of prior conduct went to party's knowledge).

8

failed to communicate this knowledge to SCF.  Wachovia's communications with other clients about Lehman dealt with the same investment in the same securities lending program that is central to this case; the communications are highly probative of what Wachovia knew.  Finally, in view of the fact this trial will be to the bench, the risk that introduction of this evidence will confuse the trier or result in undue prejudice to Wachovia is non-existent.[7]

**B.      Reference to Other Contracts Will Not Result in Unfair Prejudice, Confuse or Mislead the Court, or Cause Undue Delay.**

Wachovia finally contends that admission of "other contract" evidence (1) "would be unfairly prejudicial to Wachovia and it would mislead and confuse Court" (MOL at 5), (2) will necessitate Wachovia to put on "mini-trials" with respect to each client and thus cause undue delay (*id.* at 6-7), and (3) force Wachovia to seal the courtroom to safe-guard the confidential contracts and investments of other clients (*id.*).  These contentions are absurd.

Wachovia will not be unfairly prejudiced by the introduction of "other contracts" or "other communications" evidence offered for the limited purposes discussed above.  In particular, SCF does not intend to offer such evidence to show that Wachovia mismanaged other accounts and, as a result, must also have mismanaged SCF's account.  Thus, there will be no need to introduce detailed (or any) evidence of Wachovia's relationships with its other clients.  Wachovia's concern about the risk of having to conduct "mini-trials" is disingenuous in the extreme.  Wachovia's feigned concerns that the Court will be "misled" or "confused," were they not insulting, would be equally disingenuous.  That we have never seen the Court "misled" or

---

[7]  Wachovia contends that if SCF were to argue that the admission of "other communications" evidence is proper under FRE 404(b)(1), "it will still have to show that the probative value of the evidence not be substantially outweighed by unfair prejudice, confusion of the issues, misleading the Court and undue delay." (MOL at 5, n.4).  We agree.  As noted above, SCF does in fact make such a showing and will be prepared to make it again at trial in context.

9

"confused" goes without saying; the prospect here is so vanishingly thin as to be for all intents and purposes nonexistent.

Wachovia's alleged confidentiality concerns are equally misplaced. Wachovia has redacted all client names other than SCF's in its document production. Admission of such documents in open court simply will not threaten this alleged harm. And to the extent that client names are reflected, that is because SCF subpoenaed such documents directly from Wachovia's other clients, and they were produced without any claim of confidentiality, or were obtained from public sources. And, in the last analysis, Wachovia has no standing to argue the alleged confidentiality rights – rights we believe are nonexistent – of its clients.

In short, there simply are no valid reasons to exclude "other contracts" and "other communications" evidence.

## CONCLUSION

For the foregoing reasons, SCF requests either that the Court (a) deny the motion, or (b) defer any ruling thereon until trial, when the relevance of the evidence offered may be fully considered in context.

Dated:  New York, New York
        April 13, 2012

                                               Respectfully submitted,

                                               BUTZEL LONG, a professional corporation

                                               By:/s/ Martin E. Karlinsky
                                                    Martin E. Karlinsky, Esq. (MK 1639)
                                                    A Member of the Firm
                                               380 Madison Avenue
                                               New York, New York 10017
                                               (212) 818-1110
                                               karlinsky@butzel.com

William D. Sheldon, Esq. (Admitted *Pro Hac Vice*)
SCF Arizona
3030 North Third Street
Phoenix, AZ 85012
(602) 631-2123
bsheldon@scfaz.com

*Attorneys for Plaintiff SCF Arizona*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 13, 2012, I electronically filed the foregoing document with the Clerk of the within Court using the Court's CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by the CM/ECF system.

                                        /s/ Martin E. Karlinsky
                                        Martin E. Karlinsky, Esq.